In the United States District Court
For the Western District of New York
-----------------------------------------X

THOMAS W. BOYDE IV,

                  Plaintiff,

    -against-                          COMPLAINT

                                            Civil Action No.

MONROE COUNTY, MONROE COUNTY SHERIFF,
ORLEANS COUNTY, ORLEANS COUNTY SHERIFF,
LIEUTENANT MINAYA, SERGEANT WEAVER,
DEPUTY REAMER, DEPUTY BRETT
DEPUTY MINAYA, DEPUTY JOHN DOE #1,
DEPUTY JOHN DOE #2,
DEPUTY JOHN DOE #3,
INMATE JOHN DOE JUDD

                  Defendants.
-----------------------------------------X

                                      FILED 2008 JUN -4 PM 2:36
                                      U.S. DISTRICT COURT
                                      WDNY.-BUFFALO

## I. COMPLAINT

1. THOMAS W. BOYDE, IV, Pro-Se, for his complaint states as follows:

## II. PARTIES, JURISDICTION and VENUE

2. The plaintiff was confined as a pre-trial detainee in he Monroe County Jail under the jurisdiction of the Monroe County Sheriff at 150 Plymonth Avenue in the City of Rochester, New York.

3. Subsequently, plaintiff was transferred to the custody of the Orleans County Sheriff in the County of Orleans and held as a pre-trial detainee.

4. Plaintiff did not have any reason for being held in the Orleans County Jail as he had not been charged with a crime in Orleans County, nor was there a warrant for his arrest in Orleans County.

5. The plaintiff Thomas W. Boyde, IV, is and was at all times mentioned herein, an adult citizen of the United States and a resident of the State of New York.

6. The defendant Monroe County is responsible for the control and direction of the Monroe County Jail and responsible for all pre-trial detainees held therein.

7. The defendant Monroe County Sheriff is responsible for the care, custody and control of all persons held at the Monroe County Jail, and as such was responsible for the well-being of plaintiff and under the direct control of the County of Monroe.

8. The defendant Orleans County is responsible for the operation of the Orleans County Jail, and as such, is responsible for the care, custody and control of all pre-trial detainees held therein.

9. The defendant Orleans County Sheriff, as the chief law enforcement officer for the Orleans County Jail, is responsible for all persons held therein as pre-trial detainees. And as

SUCH, IS RESPONSIBLE FOR THE CARE, CUSTODY AND WELL-BEING OF ALL PERSONS HELD THEREIN.

10. THE DEFENDANT LIEUTENANT MINAYA, WAS AT ALL TIMES RELEVANT HEREIN A LIEUTENANT AT THE ORLEANS COUNTY JAIL. AND AS SUCH WAS RESPONSIBLE FOR THE SAFETY AND WELFARE OF PLAINTIFF AND ALL OTHER PERSONS HELD THEREIN AS PRE-TRIAL DETAINEES

11. THE DEFENDANT SERGEANT WEAVER, WAS AT ALL TIMES RELEVANT HEREIN A SERGEANT AT THE ORLEANS COUNTY JAIL. AND AS SUCH WAS RESPONSIBLE FOR THE SAFETY AND WELFARE OF PLAINTIFF AND ALL OTHER PERSONS HELD THEREIN AS PRE-TRIAL DETAINEES.

12. THE DEFENDANT DEPUTY REAMER, WAS AT ALL TIMES RELEVANT HEREIN A DEPUTY AT THE ORLEANS COUNTY JAIL. AND AS SUCH WAS RESPONSIBLE FOR THE SAFETY AND WELFARE OF PLAINTIFF AND ALL OTHER PERSONS HELD THEREIN AS PRE-TRIAL DETAINEES.

13. THE DEFENDANT DEPUTY BRETT, WAS AT ALL TIMES RELEVANT HEREIN A DEPUTY AT THE ORLEANS COUNTY JAIL. AND AS SUCH WAS RESPONSIBLE FOR THE SAFETY AND WELFARE OF PLAINTIFF AND ALL OTHER PERSONS HELD THEREIN AS PRE-TRIAL DETAINEES.

14. THE DEFENDANT DEPUTY MINAYA, WAS AT ALL TIMES RELEVANT HEREIN A DEPUTY AT THE ORLEANS COUNTY JAIL. AND AS SUCH WAS RESPONSIBLE FOR THE SAFETY AND WELFARE OF PLAINTIFF AND ALL OTHER PERSONS HELD THEREIN AS PRE-TRIAL DETAINEES.

15. THE DEFENDANT DEPUTY JOHN DOE #1, WAS AT ALL TIMES RELEVANT HEREIN A DEPUTY AT THE ORLEANS COUNTY JAIL. AND AS

such was responsible for the safety and welfare of plaintiff and all other persons held therein as pre-trial detainees.

16. The defendant Deputy John Doe #2, was at all times relevant herein a deputy at the Orleans County Jail. And as such was responsible for the safety and welfare of plaintiff and all other persons held therein as pre-trial detainees.

17. The defendant Deputy John Doe #3, was at all times relevant herein a deputy at the Orleans County Jail. And as such was responsible for the safety and welfare of plaintiff and all other persons held therein as pre-trial detainees.

18. The defendant Inmate John Doe Judd, was at all times relevant herein, a inmate held at the Orleans County Jail. As such, defendant Inmate John Doe Judd was under the direct care custody and control of defendants.

19. This action arises under and is brought pursuant to 42 U.S.C. § 1983 to remedy the deprivation, of his right to be free from assault under color of state law, and of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 §§ 1331, 1343(3) and (4) and 2201.

20. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

21. This cause of action arose in the Western District of the State of New York. Therefore, venue is proper under U.S.C. § 1391(b).

### III. PREVIOUS LAWSUITS BY PLAINTIFF

22. The within plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. Plaintiff did not utilize the prison grievance procedure as there was none at the Orleans County Jail. Any and all efforts to have the issue addressed at the Orleans County Jail, were rebuffed by defendants. Defendants failed to act upon plaintiff's complaints concerning his safety and welfare while at the Orleans County Jail.

### V. STATEMENT OF CLAIM

24. Plaintiff does reallege and incorporate by reference paragraphs 1 through 22 herein.

25. That at all times herein, defendants were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below.

## STATEMENT OF FACTS

26. Plaintiff alleges that on or about August 8, 2007, there was a disturbance in the cell block which was used as a diversion thereby allowing the within plaintiff to be seriously injured by and through the assault upon his person by defendant Inmate John Doe Judd.

27. That after a period of time of observing the assault and failing to offer any aid to plaintiff, defendant's Deputy John Doe #1 and Deputy John Doe #2, then ordered all inmates to lock in their cells. Whereupon, plaintiff was again assaulted by Inmate John Doe Judd, thereby causing a severe laceration requiring emergency medical treatment.

28. The aforementioned defendant's knew or should have known that plaintiff was the subject of a planned attack and did nothing to prevent said attack. Thereby failing in the performance of their duties to provide the care, custody and control of all persons under their care.

29. The defendant's knew or should have known that the security cameras were broken and that they had been for time remained inoperable.

30. Defendant's Deputies John Doe #1 and John Doe #2, stood by and purposely failed to act and did observe defendant Inmate John Doe Judd punching plaintiff about the head and face and continued to fail to perform their duties or to protect, secure and safeguard plaintiff, while knowing that there was a substantial risk of serious physical injury.

31. Defendant Monroe County failed in its duty to protect plaintiff and failed by sending plaintiff to another county where he had no warrants or pending charges to be held therein.

32. Defendant Monroe County Sheriff, failed to provide the care and custody and well being of plaintiff by transporting plaintiff to another county where there was no outstanding warrants or pending charges.

33. Defendant Orleans County knew that plaintiff was not wanted in Orleans County and there was no outstanding warrants or pending charges and thereby failed to secure the well being of plaintiff, thereby as a direct result allowing plaintiff to be assaulted.

34. Defendant Orleans County Sheriff failed to perform its duty by accepting plaintiff into custody whereas he had no outstanding warrants or pending charges. And did fail to act

UNDER COLOR OF LAW TO PROVIDE FOR THE CARE, CUSTODY AND CONTROL OF PLAINTIFF.

35. DEFENDANT LIEUTENANT MINAYA, KNEW THAT PLAINTIFF WAS IN DANGER AS PLAINTIFF MADE HIS FEARS KNOWN DIRECTLY TO DEFENDANT. DEFENDANT LIEUTENANT MINAYA FAILED TO SEGREGATE PLAINTIFF OR TO PLACE HIM INTO PROTECTIVE CUSTODY UPON BEING INFORMED THAT PLAINTIFF FELT THAT HIS LIFE WAS IN SUBSTANTIAL DANGER.

36. DEFENDANT SERGEANT WEAVER WAS MADE AWARE BY PLAINTIFF THAT HIS LIFE AND WELL BEING WAS IN DANGER. SERGEANT WEAVER FAILED TO SAFEGUARD OR SECURE THE PERSON OF PLAINTIFF AND FAILED TO EXERCISE THE CARE, CUSTODY AND CONTROL OF PERSONS UNDER HIS CHARGE. SERGEANT WEAVER KNEW OR SHOULD HAVE KNOWN THAT PLAINTIFF'S LIFE WAS IN DANGER FROM DEFENDANT INMATE JOHN DOE JUDD.

37. DEFENDANT DEPUTY REAMER WAS AWARE THAT PLAINTIFF'S LIFE WAS IN DANGER AND DID IDENTIFY THE INDIVIDUAL AS WHERE THE THREAT WAS COMING FROM. DEFENDANT REAMER FAILED TO PERFORM HIS DUTY TO SECURE THE WELL BEING OF PLAINTIFF.

38. DEFENDANT DEPUTY BRETT WAS AWARE THAT PLAINTIFF'S LIFE WAS IN DANGER AND DID IDENTIFY THE INDIVIDUAL AS WHERE THE THREAT WAS COMING FROM. DEFENDANT BRETT FAILED TO PERFORM HIS DUTY TO SECURE THE WELL BEING OF PLAINTIFF.

39. DEFENDANT DEPUTY MINAYA WAS AWARE THAT PLAINTIFF'S LIFE WAS IN DANGER AND DID IDENTIFY THE INDIVIDUAL AS WHERE THE

THREAT WAS COMING FROM. DEFENDANT MINAYA FAILED TO PERFORM HIS DUTY TO SECURE THE WELL BEING OF PLAINTIFF.

40. DEFENDANT DEPUTY JOHN DOE #1 WAS AWARE THAT PLAINTIFF'S LIFE WAS IN DANGER AND DID IDENTIFY THE INDIVIDUAL AS WHERE THE THREAT WAS COMING FROM.

41. DEFENDANT DEPUTY JOHN DOE #2 WAS AWARE THAT PLAINTIFF'S LIFE WAS IN DANGER AND DID IDENTIFY THE INDIVIDUAL AS WHERE THE THREAT WAS COMING FROM. DEFENDANT JOHN DOE #2 FAILED TO PERFORM HIS DUTY TO SECURE THE WELL BEING OF PLAINTIFF.

42. DEFENDANT DEPUTY JOHN DOE #3 WAS AWARE THAT PLAINTIFF'S LIFE WAS IN DANGER AND DID IDENTIFY THE INDIVIDUAL AS WHERE THE THREAT WAS COMING FROM. DEFENDANT JOHN DOE #3 FAILED TO PERFORM HIS DUTY TO SECURE THE WELL BEING OF PLAINTIFF.

43. PLAINTIFF DOES ALLEGE THAT THE ACTIONS AND/OR INACTIONS OF THE WITHIN DEFENDANT'S CAUSED AND FURTHERED THE ASSAULT UPON THE PLAINTIFF, THEREBY LEADING TO THE SERIOUS INJURIES SUFFERED.

44. PLAINTIFF RECEIVED LACERATIONS TO THE HEAD AND FACE AND LEADING TO PLAINTIFF REQUIRING STITCHES TO HIS HEAD.

45. PLAINTIFF WAS INJURED THROUGH NO FAULT OF HIS AND RECEIVED CUTS AND MULTIPLE BRUISES TO THE FACE AND HEAD. PLAINTIFF REQUIRED SEVEN STITCHES TO THE HEAD.

46. THEREFORE, PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE HIS ALLEGATIONS CONTAINED IN PARAGRAPHS 1 THROUGH 43 AS IF FULLY STATED HEREIN.

47. Defendant Lieutenant Minaya exhibited deliberate indifference to plaintiff's health and safety by failing to protect him or offer protection from a prison attack, while having been forewarned that such an attack was to occur on plaintiff.

48. Defendant Sergeant Weaver exhibited deliberate indifference to plaintiff's health and safety by failing to protect him or offer protection from a prison attack, while having been forewarned that such an attack was to occur on plaintiff.

49. Defendant Deputy Reamer exhibited deliberate indifference to plaintiff's health and safety by failing to protect him or offer protection from a prison attack, while having been forewarned that such an attack was to occur on plaintiff.

50. Defendant Deputy Brett exhibited deliberate indifference to plaintiff's health and safety by failing to protect him or offer protection from a prison attack, while having been forewarned that such an attack was to occur on plaintiff.

51. Defendant Deputy Minaya exhibited deliberate indifference to plaintiff's health and safety by failing to protect him or offer protection from a prison attack, while having been forewarned that such an attack was to occur on plaintiff.

52. Defendant Deputy John Doe #1 exhibited deliberate indifference to plaintiff's health and safety by failing to protect him or offer protection from a prison attack.

53. Defendant Deputy John Doe #2 exhibited deliberate indifference to plaintiff's health and safety by failing to protect him or offer protection from a prison attack.

54. Defendant Deputy John Doe #3 exhibited deliberate indifference to plaintiff's health and safety by failing to protect him or offer protection from a prison attack.

55. Defendant Inmate John Doe Judd, in collusion with the defendant's permitted the assault to take place by defendant Inmate John Doe Judd, thereby causing plaintiff to receive serious and debilitating injuries.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff Thomas W. Boyde, IV, prays for a judgment in his favor and damages in his favor against all defendants in an amount sufficient to compensate him for the pain and mental anguish suffered by him due to the deliberate indifference and intentional misconduct of defendant's. But in no event less that $500,000.00, FIVE HUNDRED DOLLARS, together with his attorney's fees and costs, and such additional relief

AS THE COURT MAY DEEM JUST AND PROPER.

DATED: ATTICA, NEW YORK
       JUNE     , 2008

_____
THOMAS W. BOYDE, IV - PLAINTIFF

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF WYOMING ) ss.:

THOMAS W. BOYDE, IV, BEING DULY SWORN, DEPOSES AND SAYS THAT DEPONENT IS THE PLAINTIFF IN THE ABOVE-ENCAPTIONED PROCEEDING, THAT HE HAS READ THE FOREGOING COMPLAINT AND KNOWS THE CONTENTS THEREOF, THAT THE SAME IS TRUE TO DEPONENT'S OWN KNOWLEDGE, EXCEPT AS TO MATTER THEREIN STATED UPON INFORMATION AND BELIEF, WHICH MATTERS DEPONENT BELIEVES TO BE TRUE.

_____
THOMAS W. BOYDE, IV - PLAINTIFF

SWORN TO BEFORE ME THIS
31st DAY OF ~~JUNE~~ MAY 2008

_____
NOTARY PUBLIC
KONKLE ANDREW JR.
Notary Public, State of New York
No. 01KO6022397
Qualified in Erie County
Commission Expires March 29, 2011

-12-