**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

THOMAS W. BOYDE, IV,
                    Plaintiff,

MONROE COUNTY, ORLEANS COUNTY SERGEANT
WEAVER, DEPUTY REAMER, DEPUTY BRETT,
PATRICK M. O'FLYNN, Monroe County Sheriff, SCOTT
D. HESS, Orleans County Sheriff, LIEUTENANT
MIGNANO, DEPUTY MIGNANO, DEPUTY TORRES,
DEPUTY SALVATORE, DEPUTY ALLEN, KELLEN E.
HALE, Orleans County Jail Superintendent,

                    Defendants.

DECISION
AND ORDER
08-CV-6242

_____

**INTRODUCTION**

Plaintiff Thomas W. Boyde, IV ("Plaintiff"), by and through his attorneys, Ward Greenberg Heller & Reidy LLP, *pro bono* counsel, is suing Defendants Orleans County, Orleans County Sheriff Scott D. Hess, Lieutenant Mignano, Sergeant Weaver, Deputy Reamer, Deputy Brett, Deputy Mignano, Deputy Torres, Deputy Salvatore, Deputy Allen, and Orleans County Jail Superintendent Kevin E. Hale ("Defendants") for declaratory relief and monetary damages pursuant to 42 U.S.C. § 1983.  Now before the Court is Defendants' motion (Docket No. [#88]) to preclude Plaintiff from offering a note ("Note"), dated August 6, 2007, addressed to Sergeant Weaver, into evidence at trial or in response to any potential motion for summary judgment.  Plaintiff produced the note only after discovery was closed, and after indicating that no such note existed.  For the reasons that follow, Defendants' motion to preclude is denied.

1

## BACKGROUND

On July 1, 2007, Plaintiff was arrested and subsequently transported from Monroe County Jail to the Orleans County Jail. Plaintiff alleges that on or about July 31, 2007, inmate Carl Turner ("Turner") was transported to the Orleans County Jail and during transport, was informed by two Monroe County deputies that Plaintiff was an informant in a federal drug case. Amended Complaint (*Second*), 4 [# 109]. Plaintiff further alleges that another prisoner overheard Turner say that Plaintiff was an informant and that inmates at the Jail were plotting to kill him. *Id.* at 5. Plaintiff states that he told Sergeant Weaver in early August 2007 that he was in imminent peril and wanted to be moved out of Orleans County Jail. *Id.* Significantly, Plaintiff also alleges that he wrote a letter to Weaver about his safety concerns, which is the Note Defendants now seek to preclude. *Id.* The Note indicates that Plaintiff was concerned about a non-functional security camera in the cell block, that the situation had "gotten real bad" in the cell block, that he had asked several deputies for a grievance form and they did not give him one, and that Turner and his friends were going to try to kill him. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Preclude, Ex. A [# 96-1]. The Note also asks that he be removed from the jail immediately based on the situation. *Id.* The Note is dated August 6, 2007. *Id.*

On August 29, 2007, Turner and Plaintiff were involved in a fight in the cell block. Amended Complaint (*Second*) at 7-8. Plaintiff claims he was attacked from behind during the fight, and suffered serious facial lacerations and a serious injury to his right shoulder. After the fight, Plaintiff was relocated to Steuben County Jail. *Id.*

On June 4, 2008, Plaintiff filed this lawsuit against the Defendants, claiming they deprived him of his federally protected rights.  During discovery, Defendants submitted two sets of interrogatories to Plaintiff.  On April 30, 2009, the first set included the following request:

> "16- Set forth in detail all bases for plaintiff's contention that the Defendants "knew or should have known that plaintiff was the subject of a planned attack and did nothing to prevent said attack," as alleged in paragraph 29 of the amended complaint, identifying each Defendant to whom his allegation concerns."

*Id.* at Ex. C.  Plaintiff responded by stating that his answers to previous questions addressed it.  However, Plaintiff did not mention previously or in his response to paragraph 16, that there was a handwritten note authored by him to Sergeant Weaver.

On July 29, 2009, in the second set of interrogatories, Defendants requested that Plaintiff identify and attach "any documentation in support of Plaintiff's claim that the Orleans County Jail was aware that the security-camera was not operating at that time" and "any and all documents supporting Plaintiff's 'deliberate indifference' claim." *Id.* at Ex. E.  Again, Plaintiff failed to identify or produce the Note.

On April 28, 2010, Defendants deposed Plaintiff.  At deposition, Plaintiff testified that he never put his complaint in writing. Defendant's Motion to Preclude [#88] Ex. I. However, on June 6, 2010, he submitted an errata sheet, in which he claimed for the first time in this action, that he put his complaint in writing to Sergeant Weaver. Although, Plaintiff did not correct another portion of his deposition in which he had stated that he did not write down his complaint. *Id.* Ex. J; Ex. I at 57.  On June 24, 2010, all parties participated in a telephone conference with Magistrate Judge Feldman, at which time Defendants raised the issue of the whereabouts of the Note.  Plaintiff

3

responded that he had the Note in his possession, and on June 29, 2010, he produced it to Defendants. *Id.* at 8.  On July 15, 2010, Defendants filed the subject motion to preclude the Note.

In response to the Motion to Preclude, Plaintiff states that he forgot about the Note until the deposition jogged his memory. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Preclude, 3.  According to Plaintiff, he kept a copy of the Note for himself, and in November 2007, sent the original, along with all of his personal papers, to his son. *Id.*  His son has submitted an affidavit stating that he received the Note from his father and kept it for safekeeping until his father requested it on April 28, 2010. Declaration of Thomas W. Boyde, V [# 96-2].  Plaintiff's son mailed the Note to him on May 3, 2010.

Plaintiff maintains that his forgetfulness is a substantial justification for failing to comply with Defendants' discovery requests, and that the error was harmless.  Plaintiff suggests that this Court reopen discovery if it finds that he failed to comply with FRCP Rule 26.

## ANALYSIS

The analysis in this case breaks down to determining (I) whether Plaintiff failed to comply with Rule 26(e), (II) if there was a failure to comply, whether it was substantially justified or is harmless, and (III) if not substantially justified or harmless, what is the appropriate sanction under Rule 37(c)(1).

4

*Compliance with Rule 26(e)*

Rule 26(e) of the Federal Rules of Civil Procedure states:

"A party who has responded to an interrogatory, request for production, or request for admission must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Under Rule 37(c), a party's failure to supplement an earlier discovery response is sanctionable. Specifically, Rule 37(c) provides that a party who fails to supplement is not allowed to use that information to supply evidence "on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FRCP 37(c)(1). However, as discussed further below, the imposition of such sanction is subject to the Court's discretion.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296-297 (2d Cir. 2006).

In this case, Defendants, in their interrogatories to the Plaintiff, asked for "any documentation in support of Plaintiff's claim that the Orleans County Jail was aware that the security-camera was not operating that time" and "any and all documents supporting Plaintiff's 'deliberate indifference' claim." Defendants' Motion to Preclude, 5-6. The Note to Sergeant Weaver was clearly covered by this request.  Nevertheless, Plaintiff maintains that the discovery requests were vague.  The Court disagrees, and finds that the requests were not vague, as they ask directly for any document that supports Plaintiff's "deliberate indifference" claim.  Based on its content, the Note clearly pertains to such claim and therefore ought to have been produced.

The Court recognizes that Plaintiff eventually corrected his earlier incomplete discovery responses. However, such correction was not timely, as required under Rule 26(e), since it was made only after Plaintiff had responded to two sets of interrogatories and been deposed. Plaintiff's purported failure to recall the Note sooner does not appear likely, in view of his careful action to copy the Note and mail it to his son. Accordingly, Plaintiff did not comply with Rule 26(e).

*Applying Rule 37(c)(1)*

As mentioned above, even if Plaintiff failed to supplement his discovery responses in a timely manner under Rule 26(e), Rule 37(c)(1) provides that preclusion is not required if the failure was substantially justified or is harmless.

A substantial justification means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Kara Holding Corp. v. Getty Petroleum Mktg., Inc.*, 2004 WL 1811427 at *24 (S.D.N.Y. Aug.12, 2004) (citations omitted). In our case, the repeated demands by Defendants clearly covered the subject matter of the Note. The demands were clear and on point to the issues in the Plaintiff's complaint. Plaintiff's failure to respond was therefore not substantially justified based on the vagueness of the discovery demands.

Plaintiff also argues that his forgetfulness is a substantial justification for his failure to comply. However, Plaintiff's failure to produce the Note, despite his careful effort to preserve it by mailing it to his son, leads the Court to conclude that he was not substantially justified in failing to recall the Note's existence.

Additionally, Plaintiff points to a case where the lack of possession, custody or control constituted substantial justification for failure to produce such document. *See American Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, 2010 WL 670086 (E.D.N.Y. Feb. 22, 2010). Here, though, Plaintiff had access to the Note, since his son was holding it for him. Consequently, Plaintiff was not substantially justified in failing to comply with Defendants' discovery demands based on his purported lack of possession of the Note. Consequently, Plaintiff's failure to produce the Note earlier was not substantially justified.

The failure to comply with discovery demands, even if not substantially justified, may still not require preclusion of the information if the failure was harmless. However, given the importance of the content of the Note to this case, Plaintiff's failure to comply was not harmless.[1]

*Sanctions*

Preclusion is a harsh sanction, and is not mandatory under the Second Circuit's interpretation of Rule 37(c)(1). *See Design Strategy, Inc.,* 469 F.3d at 297. The Court may impose other sanctions authorized under Rule 37, including ordering attorney's fees caused by failure to disclose, directing the matters as to which the disclosure was not made be taken as established for the purposes of the action in accordance with the claims of the party seeking disclosure, striking pleadings in whole or in part, staying further proceedings in whole or in part, and other appropriate sanctions. FRCP 37(c)(1); *see also* FRCP 37(b)(2)(A)(i)-(vi). The district court has wide discretion in punishing

---

[1] There are several factors the Court may consider in determining whether a failure to comply with discovery rules was harmless: (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence. *See Laboratory Skin Care, Inc. v. Limited Brands, Inc.*, 661 F. Supp. 2d 473, 476-477 (D. Del. 2009).

failure to conform to the rules of discovery.  *See Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988).

The decision whether to preclude requires consideration of four factors: (1) the party's explanation, if any, for the failure to supplement their disclosures, (2) the importance of the evidence sought to be precluded, (3) the need for time to prepare to meet the new evidence relating to the prejudice suffered by the opposing party, and (4) the possibility of a continuance.  *See Outley*, 837 F.2d at 590-591; *see also Turley v. ISG Lackawanna*, 2011 WL 1104270 at *3 (W.D.N.Y. Mar. 23, 2011).

With regard to these factors, Plaintiff's explanation for failing to comply is weak. Plaintiff notarized the Note, made a copy of it for himself, and mailed the original to his son for safekeeping.  Therefore, every indication seems that this Note would not be something easily forgotten on more than one occasion.  However, the evidence is very important for Plaintiff's case, since it is central to his claim that Defendants were on notice about potential harm to him.  While Defendants are prejudiced by the timing of the disclosure of new evidence after the close of discovery, other sanctions besides preclusion will allow them additional time to prepare and respond to the Note. Specifically, as already mentioned the Court may grant a continuance by re-opening discovery.  In this case, based on the factors listed above, a less drastic sanction should be considered over preclusion.  Accordingly, the Court finds that the appropriate sanction is to reopen discovery.

**CONCLUSION**

For the reasons discussed above, the Defendants' motion to preclude the Note is denied, but the Court will permit Defendants to conduct additional discovery concerning the Note. In that regard, Defendants are to notify the Court by letter within fourteen (14) days of the entry of this Decision and Order on what further discovery is requested, as well as the date by which any requested discovery would be completed.

So Ordered.

Dated: Rochester, New York
September 22, 2011

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge